IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER HOLLADAY,<br>    Plaintiff, | *<br>*<br>* |
| v. | *    Civil Case No. 2:07-CV-706-WKW |
| | * |
| BIG BEAR OF LUVERNE, INC., a/k/a<br>JOHN'S FOODS, INC., and<br>TONY BEVERLY,<br>    Defendants. | *<br>*    *JURY TRIAL DEMANDED*<br>*<br>* |

## COMPLAINT

COMES NOW Plaintiff Jennifer Holladay (hereinafter, "Holladay"), by and through her attorney of record, and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Holladay files this Complaint and invokes the jurisdiction of this Court under and by virtue of 42 U.S.C. § 2000e, et seq., 28 U.S.C. § 1331, 28 U.S.C. § 1343, 28 U.S.C. § 2201, 28 U.S.C. § 2202, and the doctrine of supplemental jurisdiction to obtain declaratory relief and compensatory and punitive damages. Defendants violated Holladay's rights as guaranteed by the Constitution of the United States, by Federal law, and by the laws and Constitution of 1901 of the State of Alabama.

2. The violations of Holladays' rights as alleged herein occurred in Crenshaw County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama.

### PARTIES

3. Holladay is over the age of 19 years, and is and at all times material hereto was a citizen

of the United States and the State of Alabama, residing in Pike County, Alabama.

4. Defendant Big Bear of Luverne, Inc., a/k/a John's Foods, Inc. (hereinafter, "the employer") is an agency of government of the State of Alabama sited in Montgomery County, Alabama. The employer is being sued for compensatory damages as Holladay's employer under Title VII of the Civil Rights Act of 1964.

5. Defendant Tony Beverly (hereinafter, "Beverly") is over the age of 19 years, and is and at all times material hereto the meat department manager of the employer. Upon information and belief, Beverly is a citizen of the United States and the State of Alabama, residing in Crenshaw County, Alabama.

## NATURE OF PROCEEDINGS

6. This is a proceeding for a judgment declaring the relative rights, responsibilities and liabilities of the parties, each to the other, and for injunctive and declaratory relief and compensatory and punitive damages for Holladay's suffering as a consequence of the wrongs alleged herein.

## FACTS

7. Holladay expressly adopts as if fully set forth herein the allegations in the foregoing paragraphs.

8. Holladay is a female person.

9. Beverly is a male person.

10. Holladay was employed in or about October, 2004, by the employer.

11. Holladay was hired by Beverly to work in the meat department of the employer's supermarket, Big Bear of Luverne.

12. Holladay worked under the immediate supervision of Beverly. Beverly is the Manager of the meat department in the employer's supermarket and is the person who ultimately took unlawful employment actions and committed other wrongs against Holladay.

13. Beverly is a member of upper management to the extent that he was empowered to hire, fire, and discipline Holladay and to set her work schedule. Beverly was the person who controlled the method and mode of Holladay's work.

14. In or around January or February, 2005, Beverly began to sexually harass Holladay on a daily basis.

15. Beverly repeatedly asked Holladay to have sex with him. He would suggest to her that the two of them take off work early to have sex. He told her that his penis was large and that if she would have sex with him she would never go back to her husband. Beverly repeatedly made graphic statements regarding his sexual abilities. He asked her if she would like to see or feel his penis.

16. Beverly would regularly greet Holladay when she arrived at work by saying, "how is my whore?"

17. Beverly told Holladay that he would support her financially, and that he would be her "sugar daddy". He said that she would be his "princess" or "queen" if she would engage in sexual relations with him. On at least three to four occasions, Beverly offered Holladay money to have sex with him.

18. In addition to the regular and pervasive verbal harassment, Beverly would daily contrive to grab or otherwise touch Holladay. He repeatedly brushed against her backside with his pelvic area. He grabbed her buttocks on numerous occasions and attempted without

success to touch her breasts.

19. On several occasions, Beverly used items of meat, such as sausages, in sexually suggestive ways by either holding them near his crotch or coming up behind Holladay and holding them near her face so that she would be startled when she turned around.

20. On several occasions, Beverly snapped Holladay's buttocks with a towel or apron.

21. At no time did Holladay initiate or encourage Beverly's harassing conduct.

22. On numerous occasions, Holladay complained to Beverly and begged him to stop harassing her. He refused to do so.

23. At all times material hereto, Holladay performed her job to the reasonable satisfaction of her employer.

24. On or about September 2, 2006, Holladay filed a Charge of Discrimination with the Equal Employment Opportunity Commission complaining of the conduct herein described. On or about May 14, 2007, she received a notice of right to sue and has initiated this lawsuit within 90 days thereof, thus satisfying all conditions precedent for this action.

25. Immediately after the employer was notified of the Charge of Discrimination, Holladay was transferred from the meat department into the department charged with stocking the shelves. Her hours were cut from 35-40 hours per week to 23-26 hours per week. Although her hourly wage remained the same, her income was cut. Moreover, as a result of the heavy lifting Holladay was forced to do in her new position, she suffered injury to her back and neck.

26. Beverly's conduct would have been offensive, outrageous and intolerable to a person of reasonable sensibilities, and was in fact offensive, outrageous and intolerable to Holladay.

27. Holladay has suffered loss of position and loss of income. She has suffered severe emotional distress and mental anguish, embarrassment, humiliation, and loss of enjoyment of living.

## CAUSES OF ACTION

28. As to each of the counts herein below set forth, Holladays expressly adopt as if fully set forth herein the allegations of the foregoing paragraphs.

## COUNT I – SEXUAL HARASSMENT IN VIOLATION OF 42 USC § 2000e, et. seq.

29. Holladay is a member of a protected group, female.

30. At all times material hereto, Beverly was acting for and on behalf of the employer, and his conduct was made possible by the agency relationship between himself and the employer.

31. Beverly was in upper management to the extent that he controlled the terms conditions and privileges of Holladay's work.

32. Beverly's conduct as described above constituted discrimination and harassment on the basis of Holladay's gender, female.

33. To the best of Holladay's information and belief male employees of the employer are not subjected to discrimination and harassment on the basis of their gender.

34. The said conduct was severe and pervasive; it was objectively and subjectively offensive, outrageous, and intolerable to the extent that it adversely affected the terms, conditions, and privileges of Holladay's employment and adversely affected her job performance.

35. Holladay has been injured and damaged as set forth hereinabove.

## COUNT II – ASSAULT AND BATTERY UNDER STATE LAW

36. Holladay did not consent to being touched by Beverly.

37. Without consent and in a rude, angry, or hostile manner, Beverly touched the person or clothing of Holladay, as set forth hereinabove.

38. Such touching would have been offensive to a person of ordinary sensibilities and was offensive to Holladay.

39. Holladay has been damaged thereby.

## COUNT III – RETALIATION

40. Holladay opposed an unlawful employment practice by attempting to complain about sex discrimination and participated in a filing of a charge with the EEOC.

41. Holladay suffered adverse employment actions as set forth above.

42. There is a causal connection between Holladay's opposition to unlawful employment practices and the adverse employment actions taken against her.

43. Holladay has been damaged thereby.

## COUNT IV – TORT OF OUTRAGE

44. Beverly intended to inflict emotional distress on Holladay or he knew or should have known that emotional distress was the likely result of his conduct.

45. Beverly's conduct was extreme and outrageous.

46. Beverly's conduct was the cause of Holladay's distress.

47. The emotional distress suffered by Holladay was extreme and severe.

48. Holladay has been damaged thereby.

## PRAYER FOR RELIEF

WHEREFORE, THE PREMISES CONSIDERED, Holladay prays for relief as follows:

a) Enter a declaratory judgment that the policies and practices complained of herein are unlawful and violative of the Fourteenth Amendment to the United States Constitution, as addressed by and through 42 USC.A § 1983;

b) Grant compensatory damages in favor of Holladay as against defendant Beverly in his individual capacity of $500,000.00 or, in the alternative, nominal damages;

c) Grant punitive damages in favor of Holladay as against defendant Beverly in his individual capacity of $500,000.00 or, in the alternative, nominal damages;

d) For violation of Title VII of the Civil Rights Act of 1964, grant compensatory damages in favor of Holladay as against the Employer of $300,000.00 or, in the alternative, nominal damages;

e) Grant Holladay such equitable relief as would effectuate the purpose of the statutes invoked, including as against Beverly and the Employer, reinstatement to the authority, responsibility, terms, conditions, and privileges of her employment as it existed prior to the acts herein complained of;

f) Grant Holladay the cost of this action including reasonable attorneys' fees;

g) Grant such other, further and different relief as this Court may deem just and proper, including all equitable relief, the awarding of which is within the jurisdiction of the Court.

RESPECTFULLY SUBMITTED this 3 day of August, 2007.

_____
JAY LEWIS

Attorney for Plaintiff
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**