IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER HOLLADAY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIG BEAR OF LUVERNE, INC., d/b/a )<br>JOHN'S FOODS, INC., and )<br>TONY BEVERLY, )<br>)<br>Defendants. ) | CIVIL ACTION NUMBER:<br>2:07-cv-706-WKW |

## FIRST AMENDED ANSWER

Defendants, BIG BEAR OF LUVERNE, INC. d/b/a JOHN'S FOODS, INC., and TONY BEVERLY, respectfully deny each and every allegation of fact, conclusion of law, and request for relief by plaintiff, JENNIFER HOLLADAY, unless hereinafter expressly admitted as follows:

1. Defendants admit that Plaintiff purports to bring this claim under the referenced statutes and that the Court has subject-matter jurisdiction over such claims. However, Defendants deny that they are liable to Plaintiff in any fashion including, but not limited to, violations of the statutes cited in Paragraph 1. Defendants deny the remaining assertions set forth in Paragraph 1.

2. Defendants admit that venue is appropriate. Defendants deny that any of Plaintiffs' rights were violated in Crenshaw County, Alabama or at any other location.

3. Upon information and belief, Defendants admit the allegations set forth in Paragraph 3.

4. Denied.

5. Admit.

6. Denied.

7. Defendants adopt their responses to Paragraphs 1 – 6 as if fully stated herein.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit that Plaintiff worked under Beverly's supervision until she reported allegations of harassment to management. At that time, she was no longer supervised by Beverly. Defendants deny the remaining allegations set forth in Paragraph 12 and expressly deny that any "unlawful employment actions" or "other wrongs" were committed against Plaintiff.

13. Admit that Beverly performed the functions of the Meat Department manager and that he was Plaintiff's immediate supervisor during the time that she worked in the Meat Department. Defendants deny the remaining allegations set forth in Paragraph 13.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendants deny that Defendant Beverly engaged in the alleged conduct. However, Plaintiff engaged in improper conduct in the workplace.

22. Denied.

23. Denied.

24. Defendants admit that Plaintiff filed a Charge of Discrimination and that the charge purports to be signed on August 28, 2006. Defendants further admit that the EEOC issued a Dismissal and Notice of Rights dated May 8, 2007. Defendants deny the remaining allegations set forth in Paragraph 24.

25. Defendants admit that Plaintiff and Beverly were separated when Defendant Big Bear was fist put on notice of Plaintiff's allegations – i.e., when Plaintiff provided a copy of her Charge of Discrimination to John Wilson. Defendants deny the remaining allegations of Paragraph 25.

26. Denied.

27. Denied.

28. Defendants adopt their responses to Paragraphs 1 – 27 as if fully stated herein.

29. Admit.

30. Denied.

31. Denied.

32. Defendants deny that the conduct alleged in Plaintiff's Complaint occurred and therefore deny the allegations set forth in Paragraph 32.

33. Defendants are without sufficient information to respond as to Plaintiff's "information and belief"; however, neither male nor female employees are subjected to harassment or discrimination based on their gender or any other factor protected by law.

34. Denied.

35. Denied.

36. Defendants are without sufficient information to either admit or deny the allegation set forth in Paragraph 36 as the alleged touching is not identified and, on that basis, Defendants deny the allegation set forth in Paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Defendants admit that Plaintiff filed an EEOC Charge of Discrimination. Defendants deny the remaining assertions set forth in Paragraph 40.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied. Defendants further deny that Plaintiff is entitled to any relief whatsoever including, but not limited to, the relief sought in the Prayer for Relief following Paragraph 48.

### DENIAL OF ALLEGATIONS NOT EXPRESSLY ADMITTED

To the extent not specifically admitted or otherwise responded to above, Defendants deny each and every allegation of each and every paragraph of Plaintiff's Complaint.

### ADDITIONAL DEFENSES

Defendants hereby state the following additional defenses to the Complaint, but do not assume the burden of proof on any such defenses except as required by applicable law with respect to a particular defense asserted.

### FIRST DEFENSE

Plaintiff's Complaint or, alternatively, portions thereof fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure; therefore, she is barred from any recovery of special damages.

### THIRD DEFENSE

Plaintiff is due none of the relief requested.

### FOURTH DEFENSE

Plaintiff is not entitled to recovery because:

5

  a. Plaintiff has not been damaged as a result of any unlawful action by Defendants;

  b. Plaintiff has failed to mitigate her alleged damages (and even if she had mitigated her damages, Plaintiff is not due any additional damages);

  c. To the extent Plaintiff has mitigated her damages, Defendants are entitled to offset;

  d. Defendants did not engage in any wrongful conduct giving rise to a cause of action in favor of Plaintiff;

  e. There is no causal relationship between any alleged wrongful conduct of Defendants and the injuries or damages which Plaintiff claims; and

  f. Plaintiff has misstated the nature and extent of her claimed damages.

### FIFTH DEFENSE

Defendants state that Plaintiff's own conduct proximately caused any and all damages sought in the Complaint.

### SIXTH DEFENSE

Plaintiff is not entitled to some or all of the relief requested in her Complaint because, even if Defendants were found to have considered any impermissible factors in any decisions or actions with respect to Plaintiff, <u>which Defendants deny</u>, no such decisions or actions were motivated by any impermissible factors.

### SEVENTH DEFENSE

Any and all conduct or decisions on the part of Defendants were based on legitimate, non-discriminatory and non-retaliatory business reasons that were not pretextual, and there is no proximate cause between any conduct on the part of the

Defendants and any of the alleged injuries or damages contained in Plaintiff's Complaint.

### EIGHTH DEFENSE

Defendants did not engage in any willful violation of any law, and Defendants did not act with wantonness, malice or with reckless indifference to the federally protected rights of Plaintiff.

### NINTH DEFENSE

Plaintiff is unable to establish a prima facie case of retaliation.

### TENTH DEFENSE

Plaintiff cannot prove any retaliatory or discriminatory conduct by Defendants; alternatively, even if Plaintiff could prove retaliatory or discriminatory conduct by Defendant (which Plaintiff cannot), Defendants would have taken the same actions based upon legitimate, non-discriminatory and/or non-retaliatory reasons.

### ELEVENTH DEFENSE

Defendant Big Bear exercised reasonable care to prevent and correct promptly any retaliatory or discriminatory behavior.

### TWELVTH DEFENSE

Any alleged retaliatory or discriminatory actions or decisions as well as any actions constituting an interference with any civil rights by Defendant Big Bear's agents or its employees would have been contrary to Defendant Big Bear's good faith efforts to comply with federal law.

### THIRTEENTH DEFENSE

Plaintiff is not entitled to attorneys' fees, costs or expenses.

## FOURTEENTH DEFENSE

Plaintiff's claims, in whole or in part, are barred by the doctrine of equitable estoppel, unclean hands, judicial estoppel, collateral estoppel, or in the alternative by the doctrine of issue preclusion.

## FIFTEENTH DEFENSE

Some or all of Plaintiff's claims are barred because Plaintiff failed to make a timely internal report and failed to exhaust internal administrative prerequisites concerning some or all of the discrimination/harassment claims alleged in the Complaint.

## SIXTEENTH DEFENSE

Some or all of Plaintiff's claims are untimely or barred by the applicable statute of limitations, including the 180-day limitation provision applicable to Charges of Discrimination submitted to the Equal Employment Opportunity Commission.

## SEVENTEENTH DEFENSE

Some or all of Plaintiff's claims are barred for failure to meet the administrative prerequisites to asserting this claim.

## EIGHTEENTH DEFENSE

Some or all of Plaintiff's claims are barred because Defendant Big Bear maintained, disseminated, and enforced a clear policy against discrimination (including harassment) and retaliation establishing reasonable and effective means of reporting and seeking relief from conduct believed to be discriminatory and because Defendant Big Bear acted in accordance with this policy at all times.

## NINETEENTH DEFENSE

Even if any alleged discrimination occurred, which Defendants deny, some or all of Plaintiff's claims are barred to the extent she failed to put Defendant Big Bear on notice of the alleged misconduct in a timely manner, and thus failed to provide Defendant Big Bear a reasonable opportunity to remediate.

## TWENTIETH DEFENSE

Defendant Big Bear took no tangible employment action against Plaintiff that was related to her claims. Defendant Big Bear terminated Plaintiff's employment because Plaintiff committed a criminal act on Big Bear's premises. Plaintiff was convicted and/or plead guilty to such conduct.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff's Complaint asserts or attempts to assert Title VII claims other than those raised in Plaintiff's EEOC charges, such claims cannot be maintained and are barred by Plaintiff's failure to meet the conditions precedent to bring such action, as well as for failure to exhaust administrative remedies.

## TWENTY-SECOND DEFENSE

To the extent Plaintiff alleges that one or more of Big Bear's employees harassed her or acted in an unlawful fashion towards her, such conduct, if it occurred (and Big Bear denies that such conduct occurred), was outside of the course or scope of that individual's employment, was not condoned by Big Bear, was undertaken without the knowledge or consent of Big Bear, was not in the furtherance of Big Bear's business, and Big Bear did not participate in, authorize or ratify the conduct. Accordingly, Big Bear is not liable for such conduct, if it occurred.

**TWENTY-THIRD DEFENSE**

Defendant Beverly assets that insufficiency of process and insufficiency of service of process as additional defenses to Plaintiff's claim because the method that Plaintiff employed in an attempt to serve him with notice of this lawsuit is not authorized by either the Federal or the Alabama Rules of Civil Procedure. As such, Mr. Beverly has not received legal notice of this action and the court lacks jurisdiction over his person. Any participation in this lawsuit, including this Answer, by Defendant Beverly shall be subject to this defense.

**TWENTY-FOURTH DEFENSE**

Defendant Beverly is not an employer as defined by Title VII and cannot be liable for any violation of Title VII.

**TWENTY-FIFTH DEFENSE**

Defendant will rely upon all proper defenses lawfully available that may be disclosed by evidence, and it reserves the right to amend this Answer to state such defenses.

**TWENTY-SIXTH DEFENSE**

Some or all of Plaintiff's claims and/or her claims for damages are barred by the after-acquired evidence doctrine.

    Respectfully Submitted,

    s/Michael L. Thompson THO152_____
    Michael L. Thompson

    s/Whitney R. Brown BRO237_____
    Whitney R. Brown

LEHR MIDDLEBROOKS & VREELAND, P.C.
P.O. Box 11945
Birmingham, Alabama 35202-1945
(205) 326-3002

## **CERTIFICATE OF SERVICE**

      I hereby certify that on November 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jay Lewis, Esq.
>Law Offices of Jay Lewis, LLC
>P. O. Box 5059
>Montgomery, AL  36103

>Respectfully submitted,

>s/Michael L. Thompson
>Michael L. Thompson (ASB-5417-O46M)
>Whitney R. Brown (ASB 4431 H71B)
>Lehr Middlebrooks & Vreeland, P.C.
>P.O. Box 11945
>Birmingham, AL 35202-1945
>Phone:  (205) 326-3002
>Fax:  (205) 326-3008
>E-mail: mthompson@lehrmiddlebrooks.com
>E-mail: wbrown@lehrmiddlebrooks.com

190486.doc